IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| COLDIRON SPECIALIZED COMPANY, an Oklahoma Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTON TRANSPORT, INC., a Georgia Corporation,<br><br>　　　　　　　Defendant. | Case No. 6:20-cv-1062<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Coldiron Specialized Company ("Plaintiff") for its Complaint against Norton Transport, Inc. ("Defendant") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**THE PARTIES**

2. Plaintiff, Coldiron Specialized Company is a corporation organized and existing under the laws of Oklahoma with a place of business in Edmond, Oklahoma.

3. On information and belief, Defendant Norton Transport, Inc. ("Norton") is a Georgia corporation that is headquartered in Rock Spring, Georgia, located in Walker County, Georgia, and that has a regular and established place of business in this District located at 12450 Interstate 35 Access Road, Von Ormy, Texas 78073. In accordance with 28 U.S.C. § 1694, service of summons may be made upon the agent or agents conducting such business. Alternatively,

Norton appears to have designated no registered agent for service of process in Texas despite doing business in Texas and being required to designate a registered agent under Tex. Bus. Org. Code § 5.201, among other laws. Therefore, service of summons may alternatively be made by serving duplicate copies on the Texas Secretary of State, as agent for Norton, under Tex. Civ. Prac. & Rem. Code § 17.044(a)(1), who shall immediately mail a copy of the process to Norton at its home office address, c/o Calvin Norton, 50A Fieldstone Village Drive, Rock Spring, Georgia 30739.

4. On information and belief, Defendant Norton has used, sold and/or leased infringing products and technology, and is continuing to do so, in this District and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). On information and belief, Norton has used, sold and/or leased and is continuing to use, sell and/or lease infringing products in this District and in commerce in the United States. On information and belief, Norton conducts business in this District, and at least a portion of the acts of infringement and claims alleged in this Complaint have taken place and are continuing to take place in this District.

8. On information and belief, this Court has personal jurisdiction over Norton because it does business in this District and has continuous and systematic contacts with this District.

## BACKGROUND

9. Transporting semi tractors ("rigs") from a manufacturer's inventory to various dealers and customers has typically been a tedious process that in the past typically involved mounting two rigs onto a third. One of the rigs effectively pulls two piggy-backed rigs down the road or highway to transport the rigs to the desired location(s).

10. Mounting rigs in the traditional piggy-backed fashion is time intensive, often requiring eight hours to complete. Dismounting the rigs is similarly time intensive and often takes another eight hours to complete.

11. In addition to the time involved in mounting and dismounting the rigs, the driver of the trio of rigs must arrange for return transportation, which usually means purchasing a one-way airline ticket back to his point of origin.

12. The total cost involved to transport rigs in this manner often includes forty hours of time plus the cost of an airline ticket.

13. Tommy L. Edmonson invented a new method of performing this task, as well as a vehicle transport apparatus. The inventions reduce the cost and effort associated with prior transport methods. Mr. Edmonson is the named inventor on multiple U.S. patents related to his novel methods and devices. Plaintiff Coldiron Specialized Company is the assignee of all rights in Mr. Edmonson's patents.

14. Defendant is using one or more trailers (the "Infringing Trailers") constructed in accordance with and covered by the above-referenced patents as set forth below (the "Patents-in-Suit").

15. On information and belief, Defendant has used the Infringing Trailers despite the existence of the Patents-in-Suit.

16. On information and belief, Jerry Trentham is the manufacturer of the Infringing Trailers used, sold and/or leased by Defendant. Plaintiff's predecessor in interest to the Patents-in-Suit sued Mr. Trentham for patent infringement in U.S. District Court for the Eastern District of Tennessee and obtained a judgment of infringement in that matter, as well as an injunction against further infringement (Case No. 3:19-cv-00442).

17. Plaintiff's counsel has written two letters to Norton notifying Norton of the infringement, the first dated November 18, 2019 and the second dated January 22, 2020. To date, Plaintiff has not received a substantive response from Norton and photographs of Infringing Trailers still appear on Norton's website.

### INFRINGEMENT OF U.S. PATENT NO. 7,547,179

18. The allegations set forth in the foregoing paragraphs 1 through 17 are incorporated by reference.

19. On June 16, 2009, U.S. Patent No. 7,547,179 ("the '179 Patent"), entitled "VEHICLE TRANSPORT APPARATUS," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '179 Patent is attached as Exhibit 1.

20. Plaintiff Coldiron Specialized Company is the assignee of all rights, title, and interest in and to the '179 Patent.

21. Defendant has infringed and continues to infringe the '179 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, leasing and/or offering for sale in the United States infringing products without authorization (hereafter, "'179 Infringing Products"). At a minimum, '179 Infringing Products include the Infringing Trailers.

22. Defendant directly infringes and continues to directly infringe at least claim 1 of the '179 Patent by making, using, selling, leasing, offering to sell, and/or providing and causing to be

used '179 Infringing Products that satisfy, literally or under the doctrine of equivalents, each and every limitation of at least claim 1 of the '179 Patent. The correspondence between the limitations of claim 1 of the '179 Patent and such '179 Infringing Products is shown in the claim chart attached hereto as Exhibit 2. The claim chart is incorporated by reference as if set forth herein. Additional details relating to such '179 Infringing Products and their infringement are within the possession, custody, or control of Defendant.

23. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise the identification and description of infringement based on additional information obtained through discovery or otherwise.

24. Defendant had knowledge of the '179 Patent prior to the filing of this Complaint. As such, Defendant had pre-suit knowledge that it was using the '179 Patent and has knowingly made, used, offered to sell, and/or sold into the United States the '179 Infringing Products that have infringed and continue to infringe the '179 Patent under 35 U.S.C. § 271. Because Defendant did so with such knowledge of the '179 Patent, Defendant is liable for willful infringement.

25. Defendant's acts of infringement involving the '179 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

### INFRINGEMENT OF U.S. PATENT NO. 7,980,809

26. The allegations set forth in the foregoing paragraphs 1 through 25 are incorporated by reference.

27. On July 19, 2011, U.S. Patent No. 7,980,809 ("the '809 Patent"), entitled "VEHICLE TRANSPORT APPARATUS," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '809 Patent is attached as Exhibit 3.

28. Plaintiff Coldiron Specialized Company is the assignee of all rights, title, and interest in and to the '809 Patent.

29. Defendant has infringed and continues to infringe the '809 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, leasing and/or offering for sale in the United States infringing products without authorization (hereafter, "'809 Infringing Products"). At a minimum, '809 Infringing Products include the Infringing Trailers.

30. Defendant directly infringes and continues to directly infringe at least claim 1 of the '809 Patent by making, using, selling, leasing, offering to sell, and/or providing and causing to be used '809 Infringing Products that satisfy, literally or under the doctrine of equivalents, each and every limitation of at least claim 1 of the '809 Patent. The correspondence between the limitations of claim 1 of the '809 Patent and such '809 Infringing Products is shown in the claim chart attached hereto as Exhibit 4. The claim chart is incorporated by reference as if set forth herein. Additional details relating to such '809 Infringing Products and their infringement are within the possession, custody, or control of Defendant.

31. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise the identification and description of infringement based on additional information obtained through discovery or otherwise.

32. Defendant had knowledge of the '809 Patent prior to the filing of this Complaint. As such, Defendant had pre-suit knowledge that it was using the '809 Patent and has knowingly

made, used, offered to sell, and/or sold into the United States the '809 Infringing Products that have infringed and continue to infringe the '809 Patent under 35 U.S.C. § 271. Because Defendant did so with such knowledge of the '809 Patent, Defendant is liable for willful infringement.

33. Defendant's acts of infringement involving the '809 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

### INFRINGEMENT OF U.S. PATENT NO. 8,202,036

34. The allegations set forth in the foregoing paragraphs 1 through 33 are incorporated by reference.

35. On June 19, 2012, U.S. Patent No. 8,202,036 ("the '036 Patent"), entitled "VEHICLE TRANSPORT APPARATUS," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '036 Patent is attached as Exhibit 5.

36. Plaintiff Coldiron Specialized Company is the assignee of all rights, title, and interest in and to the '036 Patent.

37. Defendant has infringed and continues to infringe the '036 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, leasing, and/or offering for sale in the United States infringing products without authorization (hereafter, "'036 Infringing Products"). At a minimum, '036 Infringing Products include the Infringing Trailers.

38. Defendant directly infringes and continues to directly infringe at least claim 1 of the '036 Patent by making, using, selling, leasing, offering to sell, and/or providing and causing to be used '036 Infringing Products that satisfy, literally or under the doctrine of equivalents, each and every limitation of at least claim 1 of the '036 Patent. The correspondence between the limitations of claim 1 of the '036 Patent and such '036 Infringing Products is shown in the claim chart attached

hereto as Exhibit 6. The claim chart is incorporated by reference as if set forth herein. Additional details relating to such '036 Infringing Products and their infringement are within the possession, custody, or control of Defendant.

39. Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise their identification and description of infringement based on additional information obtained through discovery or otherwise.

40. Defendant had knowledge of the '036 Patent prior to the filing of this Complaint. As such, Defendant had pre-suit knowledge that it was using the '036 Patent and has knowingly made, used, offered to sell, and/or sold into the United States the '036 Infringing Products that have infringed and continue to infringe the '036 Patent under 35 U.S.C. § 271. Because Defendant did so with such knowledge of the '036 Patent, Defendant is liable for willful infringement.

41. Defendant's acts of infringement involving the '036 Patent have caused damage to Plaintiff, and Plaintiff are entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

42. Plaintiff requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A declaration that Defendant has infringed the '179, '809, and '036 Patents and that the infringement was willful;

B.  An award of injunctive relief and damages arising out of Defendant's infringement of the '179, '809, and '036 Patents, together with prejudgment and post-judgment interest, in an amount according to proof;

C.  An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

D.  An award of such other costs and further relied as the Court may deem just and proper.

DATED:  November 17, 2020

Respectfully Submitted,

/s/ Michael L. Atchley
Michael L. Atchley
Texas State Bar No. 01397600
POPE, HARDWICKE, CHRISTIE,
   SCHELL, KELLY, & TAPLETT, LLC
500 West 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone: (817) 332-3245
Fax: (817) 877-4781
Email: matchley@popehardwicke.com

-and-

Phillip L. Free, Esq.
Oklahoma Bar No. 15765
(pending *pro hac vice* admission)
PHILLIP FREE LAW, PLLC
1300 E. 9th St., Suite 8
Edmond, Oklahoma 73034
Telephone: (405) 446-8860
Fax: (405) 546-5172
Email: phil.free@okcIPLaw.com

*Attorneys for Plaintiffs*